```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

PELICAN RESTAURANTS, INC,

        Plaintiff,

vs.                                  Case No. 2:06-cv-211-FtM-29DNF

CRAZY FLAMINGO, INC., ANTHONY D. RAINONE, JOHN DOES, JANE DOES, ABC COMPANIES,

        Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendants Crazy Flamingo, Inc. and Anthony D. Rainone's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law in Support (Doc. #10) filed on June 9, 2003. Plaintiff filed its Memorandum in Opposition (Doc. #14) on June 26, 2006.

**I.**

Normally in deciding a motion to dismiss the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 122 S. Ct. 2179, 2181 (2002); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Ala., 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc).

Rule 12(b)(1) motions challenging the subject matter jurisdiction of the court come in two forms, a "facial" attack motion and a "factual" attack motion. Morrison v. Amway Corp., 323 F.3d 920, 924 n.5 (11th Cir. 2003). A facial attack such as the one in this case challenges subject matter jurisdiction based on the allegations in the complaint, and the court takes the allegations in the complaint as true in deciding the motion. Morrison, 323 F.3d at 924 n.5. The complaint may be dismissed for a facial lack of standing only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jackson v. Okaloosa County, Fla., 21 F.3d 1531, 1536 n.5 (11th Cir. 1994) (citation omitted).

## II.

The facts set forth in the verified Complaint (Doc. #1), which are accepted as correct at this stage of the proceedings, are as follows: Plaintiff Pelican Restaurants, Inc. ("Pelican") and defendant Crazy Flamingo, Inc. ("Flamingo") are both Florida corporations. (Doc. #1, ¶¶4 and 5.) Anthony D. Rainone[1] ("Rainone") is "the active, conscious and dominant force behind the activities of . . .Flamingo" (id. at ¶6). Pelican operates a restaurant, bar and cocktail lounge in Naples Florida called "Pelican Larry's Raw Bar & Grill." (Id. at ¶9.) Flamingo operates a restaurant in Marco Island, Florida. (Id. at ¶10.)

---

[1] Collectively Rainone and Flamingo shall be referred to as "defendants."

Flamingo wrote Pelican a demand letter dated March 10, 2006 in which Flamingo (1) demanded $150,000 under the Florida civil theft statute for theft of recipes in 2001, and (2) demanded Pelican cease and desist from using its protectable trade dress and other intellectual property. (Doc. #1, Exh. 1.) Plaintiff also referenced and attached to its Complaint a copy of a letter from Pelican dated January 28, 1998, which alleged violations of protectable trade dress in violation of both federal and state trade mark law. (Doc. #1, Exh. 2.) The 2006 letter refers to the 1998 letter by noting the 2006 letter was "the second time such a demand has been made." (Doc. #1-2, p. 1.)

Plaintiff filed its two-count Complaint under Declaratory Judgment Act, 28 U.S.C. § 2201, seeking declaratory relief that they (1) are not infringing on "any intellectual property rights . . . including but not limited to any trade dress rights," and (2) are not unlawfully misusing nor have they misappropriated defendant's recipes. Defendant asserts that the Complaint does not set forth a basis for federal jurisdiction.

### III.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

The Declaratory Judgment Act is procedural only, and requires an underlying ground for federal jurisdiction. Household Bank v. JFS Group, 320 F.3d 1249, 1253 (11th Cir. 2003). The Complaint alleges federal question jurisdiction under the Lanham Act. (Doc. #1, ¶ 1.) A trade dress infringement claim is permissible under section 43(a) of the Lanham Act, and requires that the trade dress at issue (1) is inherently distinctive or has acquired secondary meaning, (2) is primarily non-functional, and (3) is confusingly similar. Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205 (2000); Ambrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1535 (11th Cir. 1986), *cert. denied*, 481 U.S. 1041,(internal citations omitted). It is possible to bring a claim of infringement of unregistered trade dress. Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205 (2000). The Court therefore concludes that the Complaint adequately alleges federal subject matter jurisdiction.

Accordingly, it is now

**ORDERED:**

Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #10) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record