UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PELICAN RESTAURANTS, INC,

        Plaintiff,

vs.                                    Case No.  2:06-cv-211-FtM-29DNF

CRAZY FLAMINGO, INC., ANTHONY D.
RAINONE, JOHN DOES, JANE DOES, ABC
COMPANIES,

        Defendants,

-vs-

LAZY FLAMINGO, INC., a Florida
Corporation,

        Counter-Defendant.

_____

**ORDER**

     This matter comes before the Court on defendant's Motion to Stay Ruling on plaintiff's Motion for Summary Judgment (Doc. #63), filed on March 9, 2007.  Plaintiff filed a Response (Doc. #64) on March 21, 2007, opposing the motion.

     As argued by defendant and as Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988); see also McCallum v. City of Athens, 976 F.2d 649, 650 (11th Cir. 1992)(noting that a party may move for summary judgment only after exchanging "appropriate" discovery).  Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record." WSB-TV v.

Lee, 842 F.2d 1266, 1269 (11th Cir. 1988).  After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery."  Cowan v. J.C. Penney Co., 790 F.2d 1529, 1530 (11th Cir. 1986).  A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary judgment."  Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint").

The Motion for Summary Judgment (Doc. #53) was filed on February 23, 2007.  The discovery deadline will expire shortly on March 27, 2007, and the dispositive motion deadline does not expire until April 27, 2007.  Defendant is clearly permitted the opportunity to adequately respond to the motion after the close of discovery, and plaintiff has failed to articulate any credible objection to the contrary.  As the Court does not anticipate addressing the motion within the next month, the Court will grant the motion to the extent that the response will not be due until after the close of discovery.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Stay Ruling on plaintiff's Motion for Summary Judgment (Doc. #63) is **GRANTED** to the extent that a Response shall be filed within **TEN (10) DAYS** after the close of discovery and the Motion for Summary Judgment is taken under advisement until that time.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2007.

_____

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-3-